# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAMON ALVARADO, JR.,

    Plaintiff,

v.                                                    Case No. 22-CV-1357

JOHN BIRDYSHAW, BRETZEL,
DINGMAN, BRIAN FOSTER,
JESSE JONES, LEHMAN,
MILLER, NELSON, and
YANA PUSCH,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On November 15, 2022, plaintiff Ramon Alvarado Jr., who is incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights. (ECF No. 1.) Alvarado also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On January 6, 2023, this case was stayed as the Wisconsin Department of Justice attempted to globally resolve all of Alvarado's open cases. (ECF No. 8.) Mediation ultimately failed, and on February 27, 2023, Alvarado moved to lift the stay. (ECF No. 13.) That motion is granted.

The court has jurisdiction to resolve Alvarado's motions and to screen the complaint in light of Alvarado's consent to the full jurisdiction of a magistrate judge

and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED
## WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 15, 2022, Alvarado filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On November 17, 2022, the court ordered Alvarado to pay an initial partial filing fee of $0.83 by December 16, 2022. (ECF No. 5.) Alvarado paid that fee on December 13, 2022. The court will grant Alvarado's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order

## .SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was incarcerated when he filed his amended complaint. The PLRA

requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015)

(citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Alvarado's Allegations*

Alvarado alleges that on January 10, 2020, while handcuffed to a strip search cage door, defendants John Birdyshaw and Nelson threatened to assault him. Defendant Brian Foster then approved use of a taser on Alvarado. Defendant Dingman shot Alvarado twice with the taser, including once in the groin area. Birdyshaw then slammed Alvarado against the door and used his knee to pin Alvarado's left leg to the wall while Alvarado was still handcuffed to the door. There were several other officers who observed this, but did not intervene: Bretzel, Dingman, Fisher, Jones, Lehman, Miller, and Nelson. Alvarado also states that defendant Pusch ignored his request to preserve video of this incident. As a result of this incident, Alvarado suffered bruises on his legs and face. Alvarado also alleges that the defendants either used excessive force against him or allowed the use of excessive force in retaliation for filing a different civil lawsuit in federal court against several of the defendants. (ECF No. 1 at 2.)

*Analysis*

Alvarado claims that the defendants violated his Eighth Amendment rights when they subjected him to excessive force. "Correctional officers violate the Eighth Amendment when they use force 'maliciously and sadistically for the very purpose

4

of causing harm,' but not when they apply it in good faith to maintain or restore discipline." *Jackson v. Angus*, 808 Fed. Appx. 378, 382 (7th Cir. 2020). As plead, Alvarado sufficiently states an excessive force claim against Birdyshaw,, Foster, and Dingman. However, at later stages of the case, the defendants will have an opportunity to show that the force was used to restore discipline, and Alvarado will have to show instead that it was maliciously intended, which is a high bar.

Alvarado may also proceed on a failure to intervene claim against Bretzel, Dingman, Fisher, Jones, Lehman, Miller, and Nelson. "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm." *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Alvarado states these defendants watch Birdyshaw use excessive force against him and failed to intervene.

Additionally, Alvarado may proceed on a First Amendment retaliation claim against Birdyshaw, Bretzel, Dingman, Fisher, Jones, Lehman, Miller, and Nelson. To state a retaliation claim, a plaintiff must allege that "(1) [the plaintiff] engaged in an activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Alvarado alleges that the defendants subjected him to excessive force because he filed a federal lawsuit. Filing a federal lawsuit is a protected activity and using excessive force is a deprivation likely to deter the activity. Alvarado also alleges that the filing of the lawsuit was a motivating factor.

5

However, Alvarado may not proceed on a claim against Pusch for ignoring his request to save video of the incident. Failure to preserve evidence is not a constitutional claim, and Alvarado did not allege that she did so in retaliation. Pusch is dismissed.

**THEREFORE, IT IS ORDERED** that Alvarado's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Alvarado's motion to lift the stay (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Yana Pusch is **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants John Birdyshaw, Bretzel, Dingman, Brian Foster, Jesse Jones, Lehman, Miller, and Nelson. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Alvarado shall collect from his institution trust account the $349.17 balance of the filing fee by collecting monthly payments from Alvarado's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Alvarado is

transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Alvarado is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Alvarado is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Alvarado is

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Alvarado failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Alvarado may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 10th day of May, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge