# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAMON ALVARADO, JR.,**

    Plaintiff,

  v.                            Case No. 22-CV-1357

**JOHN BIRDYSHAW,** *et al.,*

    Defendants.

## ORDER

On January 22, 2024, *pro se* plaintiff Ramon Alvarado, Jr. filed a motion to stay the scheduling order, a motion to compel discovery, and a motion for sanctions. (ECF No. 36.) On January 25. 2024, the defendants filed a motion for summary judgment on the merits. (ECF No. 39.) On February 8, 2024, Alvarado filed a motion to reopen discovery, another motion to compel, a motion to stay the summary judgment briefing schedule or extend the deadline for Alvarado to respond to summary judgment. (ECF No. 55.) On February 23, 2024, Alvarado filed another motion to extend the time to respond to the defendants' motion for summary judgment. (ECF No. 59.) On March 6, 2024, Alvarado filed a response to the defendants' motion for summary judgment. (ECF Nos. 61-65.)

Regarding the various motions to stay the scheduling order, to reopen discovery, and to stay or extend the deadline to respond to the defendants' motion for

summary judgment, because Alvarado responded to the summary judgment motion on March 6, 2024, the court denies these motions as moot.

As to the motions to compel and motion for sanctions, Alvarado states that the defendants refused to give him a copy of the requested DAI policies, objected to providing the defendants' disciplinary history, and refused to allow him to have copies of the relevant videos. Instead, Alvarado is allowed only to view the video in the presence of the litigation coordinator. The defendants first argue that Alvarado failed to meet and confer in good faith as required under Fed. R. Civ. P. 37(a). Next, the defendants state that they have provided Alvarado access to all items requested except the disciplinary history of the defendants, which they argue is not relevant at the summary judgment stage. Should the case survive summary judgment, they are open to revisiting this request.

Whether Alvarado met and conferred in good faith notwithstanding, the court denies his motions to compel and motions for sanctions. The defendants have security reasons for not providing copies of DAI policies and allowing Alvarado to possess video footage. Alvarado is a seasoned litigator in this court and has been informed of this in many of his cases. As his response to summary judgment materials show, Alvarado was able to view the video and the relevant DAI policies and did not physically need to possess them to form a meaningful response. As for the disciplinary histories of the defendants, the court agrees they are not relevant for summary judgment purposes. It appears that the defendants have fully responded to every other request, or if they did not, it is because the documents or videos do not exist.

The defendants also have been diligently litigating this case, so sanctions are unwarranted.

**IT IS THEREFORE ORDERED** that Alvarado's motion to stay the scheduling order, to reopen discovery, and to stay or extend the deadline to respond to the defendants' motion for summary judgment (ECF Nos. 36, 55, 59) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Alvarado's motions to compel and motion for sanctions (ECF Nos. 36, 55) is **DENIED**.

Dated at Milwaukee, Wisconsin this 20th day of May, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge